IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN SMITH, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 13-5140 |
| SUNOCO GAS STATION, et al, | |
| Defendants. | |

**MEMORANDUM OPINION**

**SCHMEHL, J.**                                                                         NOVEMBER 20, 2013

Plaintiff, a prisoner, has filed a *pro se* 42 U.S.C. § 1983 civil rights action against defendants "Sunoco, Gas Station, Phila. Police Dept., and possibly est. Security Guard/Clerk," alleging that he was falsely arrested. Plaintiff seeks damages. The Court previously denied Plaintiff the right to proceed *in forma pauperis* on September 9, 2010, due to Plaintiff's failure to file a certified copy of his prisoner account statement for the entire six-month period prior to filing this action. In the same Order, the Court directed the Clerk to close the case for statistical purposes. On September 25, 2013, Plaintiff filed a copy of his prisoner trust fund account statement, and on October 16, 2013, Plaintiff's Motion to proceed *in forma pauperis* was granted and monthly payments were ordered to be deducted from Plaintiff's prisoner account until the full filing fee was paid. Further, Plaintiff's Complaint was dismissed with leave to file an amended complaint within thirty days setting forth the necessary specificity in terms of the state actors allegedly involved in his 1983 claim, as well as detail about his alleged false arrest, specifically the identity of the arresting officer. Plaintiff filed an Amended Complaint on November 6, 2013. For

the reasons that follow, Plaintiff's Amended Complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

28 U.S.C. § 1915(e)(2)(B)(ii), covering *in forma pauperis* proceedings, provides that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (B) the action or appeal—
>   (ii) fails to state a claim upon which relief can be granted.

In order to bring suit under § 1983, the plaintiff must allege in the complaint that a person acting under color of state law deprived him of his constitutional rights. Revell v. Port Auth. of N.Y. and N.J., 598 F.3d 128, 134 (3d Cir. 2010). The Amended Complaint filed in this case does not allege or even suggest that Defendants Sunoco Gas Station or "Possibly est. Security Guard/ Clerk" acted under color of state law with respect to Plaintiff's claim. Thus, Plaintiff has failed to state a cognizable federal claim under 42 U.S.C. § 1983 against Defendants Sunoco Gas Station and "Possibly est. Security Guard/Clerk."

In addition, Plaintiff's claim against the Philadelphia Police Department must also be dismissed as frivolous, as a police department is not a person within the meaning of §1983. Britton v. Philadelphia Police Dept., 69 F.R.D. 449, 450 (E.D. Pa. 1975). Further, even if the Philadelphia Police Department were a person within the meaning of § 1983, in order for it to be held liable, Plaintiff must allege that unlawful actions were taken by the department pursuant to its policies, practices, customs, regulations or enactments. Monell v. Department of Social Services, 436 U.S. 658 (1978). As Plaintiff has failed to

allege any policies or customs of the Philadelphia Police Department, his claim must be dismissed as frivolous.

Because Plaintiff has failed to allege a cognizable federal claim under 42 U.S.C. § 1983, the action is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be without prejudice to Plaintiff's right to pursue this action in the appropriate state court or, if the parties are citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and courts, in federal court under 28 U.S.C. § 1332, which provides for diversity of citizenship jurisdiction.